UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH W. FLOYD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:22-cv-617 |
| | ) |
| ANGIE'S LIST, INC. d/b/a ANGI, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Comes now the Plaintiff, Kenneth W. Floyd, Jr. ("Plaintiff"), by undersigned counsel, and hereby files this lawsuit against the Defendant, Angie's List, Inc., d/b/a Angi ("Defendant") under the Americans with Disabilities Act Amendment Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.*

**PARTIES**

2. Plaintiff has resided within the Southern District of Indiana at all relevant times.

3. Defendant, Angie's List, Inc., d/b/a Angi, is a corporation that operates and conducts business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 & § 1343, 29 U.S.C. § 2617(a)(2),  42 U.S.C. § 2000e-5(f)(3), 42 U.S.C. § 12117, and  42 U.S.C. § 1981.

5. Plaintiff was an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 2611(2)(A), and 42 U.S.C. § 2000e(f).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 12111(5), 42 U.S.C. § 2000e(b), and 29 U.S.C. § 2611(4)(A).

7. Plaintiff satisfied his obligation to exhaust his administrative remedies, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission. Plaintiff received his "Dismissal and Notice of Rights" on said Charge and now timely files this lawsuit within ninety (90) days after receipt of said Notice.

8. Between November of 2020 and December of 2020, Plaintiff was an "eligible employee" as that term is defined by the FMLA.

9. Plaintiff had a "serious health condition" in 2020 as that term is defined by the FMLA.

10. Since November of 2019, Defendant has employed 50 or more employees within a 75 mile radius of the facility at which Plaintiff worked.

11. Plaintiff worked 1,250 or more hours in the 12-month period proceeding November 16, 2020.

12. All of the events, transactions and occurrences pertinent to this lawsuit occurred within the geographical environs of the Southern District of Indiana and all parties are located therein. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTUAL ALLEGATIONS

13. Plaintiff is African American.

14. Defendant hired Plaintiff in or around April of 2014. At the time of his termination, Plaintiff held the position of Client Success Manager II.

15. Plaintiff's work performance met or exceeded the Defendant's legitimate expectations at all relevant times.

16. Plaintiff suffers from Anxiety. His impairments substantially limit one or more major life activities, including, but not limited to, sleep, exercise, housework, and recreational activities.

17. Plaintiff is a qualified individual with a disability, and/or has a record of disability, and/or is regarded by Defendant as disabled. He requested continuous FMLA leave for his own serious health condition for the period of November 17, 2020, until January 20, 2021.

18. Throughout his employment with Defendant, Plaintiff complained multiple times about what he believed to be racial discrimination and harassment directed towards him by Defendant's customers. Such conduct included Defendant's customers calling him "nigger" and "son." Plaintiff made the most recent of these complaints in November 2020. Plaintiff's complaints constitute protected activity. Despite these complaints, Defendant took no remedial action and instead assigned the customers to other representatives.

19. In or about November 2020, Plaintiff notified his supervisor, Marshall Randall ("Randall"), about his disability. Plaintiff also informed Randall that his treating medical provider recommended that he take FMLA leave for his disability.

20. Plaintiff's request for FMLA leave constitutes a request for a reasonable accommodation under the Americans with Disabilities Act (ADA) and is protected conduct.

21. Defendant was aware that Plaintiff's physician recommended that his leave start November 16, 2020, however, Defendant unreasonably delayed in processing Plaintiff's request for leave.

22. Ultimately, Plaintiff's request for FMLA leave was never approved as Defendant terminated his employment on December 3, 2020.

23. The Defendant has taken adverse employment actions against Plaintiff because of his race and/or his disability, and/or his record of a disability, and/or its perception of him being disabled, and/or for his request for FMLA leave, and/or his statutorily protected conduct.

24. Defendant retaliated against Plaintiff for engaging in protected conduct.

25. Plaintiff's similarly situated co-workers who are not African American and/or who have not engaged in protected conduct, and/or are not disabled, not regarded as disabled, or do not have a record of disability, and/or have not requested FMLA leave have been treated more favorably than Plaintiff by Defendant.

26. Plaintiff has been damaged by Defendant's unlawful conduct.

## COUNT I

### TITLE VII – RACE DISCRIMINATION

27. Plaintiff hereby incorporates paragraphs 1-26 of his Complaint.

28. Defendant took adverse employment actions against Plaintiff due to his race.

29. Other, similarly situated employees who are not African American were treated more favorably than Plaintiff and were not subjected to the same adverse employment actions.

30. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

31. Plaintiff has been injured as a result of Defendant's unlawful actions.

## COUNT II

### TITLE VII – RACE RETALIATION

32. Plaintiff hereby incorporates paragraphs 1-31 of his Complaint.

33. Plaintiff's complaints of race discrimination and harassment towards him by Defendant's customers constitute protected activity under Title VII.

34. Defendant retaliated against Plaintiff because of his protected activity.

35. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Title VII.

36. Plaintiff has been injured as a result of Defendant's unlawful actions.

## COUNT III

### SECTION 1981 DISCRIMINATION

37. Plaintiff hereby incorporates paragraphs 1-36 of his Complaint.

38. Defendant took adverse employment actions against Plaintiff due to his race.

39. Other similarly situated employees who are not African American were not subjected to the same adverse employment action as Plaintiff s and were treated more favorably by Defendant than Plaintiff .

40. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

41. Plaintiff has been injured as a result of Defendant's unlawful actions.

## COUNT IV

### SECTION 1981 RETALIATION

42. Plaintiff's complaints of race discrimination and harassment towards him by Defendant's customers constitute protected activity under Section 1981.

43. Defendant retaliated against Plaintiff because of his protected activity.

44. Defendant's actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by Section 1981.

45. Plaintiff has been injured as a result of Defendant's unlawful actions.

## COUNT V

### DISABILITY DISCRIMINATION – ADA

46. Plaintiff hereby incorporates paragraphs 1-45 of his Complaint.

47. Plaintiff requested a reasonable accommodation in the form of FMLA leave.

48. Defendant took adverse employment actions against Plaintiff based on his disability, record of a disability, and/or a perception of him being disabled.

49. Defendant has accorded more favorable treatment to similarly-situated employees who are not disabled or regarded as disabled and/or do not have a record of disability.

50. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

51. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT VI

## DISABILITY RETALIATION – ADA

52. Plaintiff hereby incorporates paragraphs 1-51 of his Complaint.

53. Plaintiff requested a reasonable accommodation in the form of FMLA leave. Plaintiff's request for a reasonable accommodation constitutes protected conduct under the ADA.

54. Defendant took adverse employment actions against Plaintiff in retaliation for his engagement in protected conduct.

55. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

56. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT VII

## VIOLATIONS OF THE FMLA

57. Plaintiff hereby incorporates paragraphs 1-56 of his Complaint.

58. Defendant violated the FMLA by interfering with Plaintiff's substantive FMLA rights and/or terminating him in retaliation for requesting FMLA-qualifying leave.

59. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights under the FMLA.

60. Defendant has accorded more favorable treatment to similarly-situated employees who have not requested FMLA qualifying leave.

61. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## COUNT VIII

## FAILURE TO ACCOMODATE – ADA

Plaintiff hereby incorporates paragraphs 1-61 of his Complaint.

62. Plaintiff requested a reasonable accommodation in the form of FMLA leave.

63. Defendant unreasonably denied Plaintiff's request for an accommodation.

64. Defendant's unlawful actions were intentional, willful, and done in reckless disregard of Plaintiff's rights as protected by the ADA.

65. Plaintiff has been and continues to be harmed as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Kenneth W. Floyd, Jr., respectfully requests that this Court find for him and order that:

1. Defendant reinstate Plaintiff to the same position, salary, and seniority, or pay front pay and benefits to him in lieu thereof;

2. Defendant pay lost wages and benefits to Plaintiff;

     3.      Defendant pay compensatory and punitive damages to Plaintiff;

     4.      Defendant pay liquidated damages to Plaintiff;

     5.      Defendant pay pre- and post-judgment interest to Plaintiff;

     6.      Defendant pays Plaintiff's attorneys' fees and costs incurred in this action; and

     7.      Defendant pays to Plaintiff any and all other legal and/or equitable damages that this Court determines just and proper to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:     (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff, Kenneth W. Floyd, Jr., respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Natalie R. Dickey, Attorney No. 25294-41
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:    (317)955-9500
Facsimile:     (317)955-2570
Email: jhaskin@jhaskinlaw.com
Email: ndickey@jhaskinlaw.com